IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CECIL MARK CARTER, <br><br> Plaintiff, <br><br> v. <br><br> KASEY C. WESSELS, MARY STOLLE, and CHIEF CARRIERS, <br><br> Defendants. | 8:20CV324 <br><br> **MEMORANDUM AND ORDER** |

On March 10, 2020, pro se plaintiff Cecil Mark Carter ("Carter") sued his former employer, Chief Carriers ("Chief"), and Chief employees Kasey C. Wessels ("Wessels") and Mary Stolle ("Stolle" and collectively, "defendants"), alleging they discriminated against him based on his race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. On June 8, 2020, Chief (Filing No. 20) and Wessels and Stolle (Filing No. 21) separately moved to dismiss Carter's Complaint (Filing No. 3) for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6).

Now pending before the Court are Carter's "Counterclaim and Motion to Proceed" (Filing No. 22) and "Request for Appointment of Counsel" (Filing No. 23). The Court's review of Carter's first filing makes clear that his "Counterclaim and Motion to Proceed" is neither an independent counterclaim nor a motion. That document is functionally a brief opposing the defendants' motions to dismiss. In it, Carter simply reiterates his original discrimination claim and asks the Court to allow it to proceed. Given Carter's evident purpose, the Court will deny Carter's motion, terminate his counterclaim, and treat his filing as a brief opposing dismissal, as supplemented by his response on August 31, 2020 (Filing No. 39). *See* NECivR 7.1(b).

Turning to Carter's request for counsel, Carter explains he is indigent, untrained in the law, and overwhelmed by "the complexity of this case." He asks the Court to appoint "counsel to represent [him] through the discovery and trial process."

A civil litigant like Carter has no statutory or constitutional right to appointed counsel. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). Title VII, however, grants the Court discretion to appoint counsel in an employment-discrimination case in circumstances the Court deems just. 42 U.S.C. § 2000e-5(f)(1); *Slaughter v. City of Maplewood*, 731 F.2d 587, 589 (8th Cir. 1984) (observing district courts have "broad discretion in determining whether to appoint counsel in employment discrimination cases"). In deciding whether to appoint counsel in a Title VII case, the Court considers "(1) the plaintiff's financial resources, (2) the plaintiff's efforts to secure counsel, and (3) the merits of the discrimination claim." *Slaughter*, 731 F.2d at 590. The Court also examines "whether the nature of the litigation is such that" the plaintiff and the Court "will benefit from the assistance of counsel." *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir. 1984).

Applying these standards, the Court finds the circumstances of this case do not warrant appointing counsel. The first factor weighs in Carter's favor. A magistrate judge allowed (Filing No. 2) Carter to file this case in forma pauperis because his application indicated he was "unable to pay the filing fee or incur the costs of this action." Carter claims indigency, and the Court has no reason to doubt him.

The remaining factors weigh against appointing counsel or are, at best, neutral. Carter's ability to obtain counsel to represent him is critical, yet Carter says nothing about his efforts to secure counsel on his own. *See Nelson*, 728 F.2d at 1005 ("The court should satisfy itself that plaintiff has in good faith attempted to retain counsel and has been unsuccessful."). Attorneys routinely take employment-discrimination cases like Carter's on a contingency basis. Such an arrangement would not demand significant financial resources from Carter up front.

As for the nature of the case and the strength of Carter's claims, the Court, of course, makes no definitive decision on the merits at this point, but the Court's initial review reveals no compelling reason to appoint counsel. Carter may or may not have a viable discrimination claim against Chief; Chief's motion to dismiss will require some study. In contrast, Carter's claims against Wessels and Stolle as individuals are highly suspect. *See, e.g.*, *Powell v. Yellow Book USA, Inc.*, 445 F.3d 1074, 1079 (8th Cir. 2006) ("Title VII addresses the conduct of employers only and does not impose liability on co-workers."). In any event, the issues Carter has raised are not so factually or legally complex as to justify appointing counsel at this time.

For the reasons stated above,

IT IS ORDERED.

1. Plaintiff Cecil Mark Carter's pro se "Counterclaim and Motion to Proceed" (Filing No. 22) is denied. The Court will treat that filing as his brief opposing dismissal, as supplemented by his response on August 31, 2020 (Filing No. 39).
2. The Clerk of Court is directed to terminate Carter's purported counterclaim and update the docket sheet.
3. Carter's "Request for Appointment of Counsel" (Filing No. 23) is denied.

Dated this 1st day of September 2020.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge