IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CECIL MARK CARTER,<br><br>                    Plaintiff,<br><br>          v.<br><br>KASEY C. WESSELS, MARY STOLLE,<br>and CHIEF CARRIERS,<br><br>                    Defendants. | **8:20CV324**<br><br>**MEMORANDUM<br>AND ORDER** |

        This matter is before the Court on Motions to Dismiss filed by defendant Chief Carriers ("Chief") (Filing No. 20) and defendants Kasey C. Wessels ("Wessels") and Mary Stolle ("Stolle") (Filing No. 21) for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  Also before the Court is pro se plaintiff Cecil Mark Carter's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 (Filing No. 47). For the reasons stated below, Wessels and Stolle's motion to dismiss the complaint is granted, and Chief's motion to dismiss is granted in part and denied in part.[1]  Carter's motion for summary judgment is denied.

## I.      BACKGROUND

        Carter, an African American man, worked for Chief as an over-the-road truck driver from August 7, 2017, until Chief terminated his employment on September 18, 2019. Wessels, Carter's supervisor, and Stolle were also Chief employees and Carter's coworkers during that period.  Carter alleges from August 17, 2019, until his termination, Wessels and Stolle separately subjected him to racially motivated discrimination and harassment,

---

        [1]Chief seeks dismissal of Carter's "complaint" but does not address Carter's claims of discriminatory harassment and termination of employment.  Those claims survive the motion.

that Chief was aware of the discrimination but did nothing to stop it, and that Chief terminated his employment because of his race.

Carter filed a charge of discrimination based on race against Chief with the Equal Employment Opportunity Commission ("EEOC") on January 8, 2020. On his EEOC charge form, Carter checked the form's pre-printed box to indicate he was filing a charge of discrimination based on race. Under "particulars," Carter stated he had been terminated, described harassment by Wessels, and repeated his belief that Chief discriminated against him because of his race. The EEOC issued a right-to-sue notice on January 13, 2020.

Carter timely filed a pro se complaint against Chief, Wessels, and Stolle on March 10, 2020, alleging violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. Using a court-approved pro se complaint form, which provides pre-printed checklists of potential claims under Title VII, Carter alleged by checkmark only that he worked under terms and conditions that differed from similarly situated employees. Carter provided at least some allegations beyond checking a box with respect to being harassed as an employee, and with respect to his allegedly race-based termination from Chief. Chief retaliated against him because he engaged in activity protected by Title VII (only by checkmark).

On June 8, 2020, Wessels and Stolle jointly moved to dismiss for failure to state a claim, arguing that Title VII does not provide for claims against fellow employees in their individual capacities.

On the same date, Chief moved to dismiss Carter's unequal terms and retaliation claims, pursuant to Rule 12(b)(6).[2] Chief argues that Carter has not exhausted

---

[2] Chief's motion to dismiss was filed after its Answer (Filing No. 19). A motion asserting any Rule 12(b) defense must be made before pleading, though a motion for failure to state a claim may be brought in a Rule 12(c) motion for judgment on the pleadings. Fed. R. Civ. P. 12(h)(2)(B). Here, Chief's motion to dismiss was filed the same day and just

administrative remedies for his claims of retaliation and unequal terms. Alternatively, Chief asserts Carter fails to state a claim upon which relief may be granted.

Carter filed his motion for summary judgment on October 8, 2020.

## II. DISCUSSION

### A. Standards of Review

#### 1. Dismissal

To survive a Rule 12(b)(6) motion to dismiss, a complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim must include facts that reasonably allow the Court to infer "the defendant is liable for the misconduct alleged." *Blomker v. Jewell*, 831 F.3d 1051, 1055 (8th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678).

The Court must liberally construe pro se pleadings, *see Jackson v. Nixon*, 747 F.3d 537, 544 (8th Cir. 2014), and "if the essence of an allegation is discernible . . . the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework," *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F. 3d 912, 915 (8th Cir. 2004)).

#### 2. Summary Judgment

Summary judgment is required "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the initial burden of showing "an absence of evidence to support the nonmoving party's case," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), demonstrating that the other party cannot "carry its ultimate burden of persuasion at trial," *Bedford v. Doe*, 880 F.3d 993, 996 (8th Cir. 2018). The moving party must point to

---

minutes after its answer. The Court will treat them as simultaneous filings and will address the motion under Rule 12(b), notwithstanding an answer being filed.

portions of the record that "demonstrate the absence of a genuine issue of material fact.'" *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (per curiam) (quoting *Celotex*, 477 U.S. at 323).

### B.   Defendants Wessels and Stolle

Defendants Wessels and Stolle move to dismiss all claims against them because liability under Title VII is borne by an employer, and Carter's complaint does not contain sufficient facts to plausibly allege either individual was Carter's employer.  Title VII defines an employer as a person, or any agent of such person, "engaged in an industry affecting commerce" with a minimum of fifteen employees.  42 U.S.C. § 2000e(b).  In addition to the plain textual meaning of the statute, it is well established that "Title VII addresses the conduct of employers only and does not impose liability on co-workers," *Powell v. Yellow Book USA, Inc.*, 445 F.3d 1074, 1079 (8th Cir. 2006), and "does not provide for an action against an individual supervisor," *Van Horn v. Best Buy Stores, L.P.*, 526 F.3d 1144, 1147 (8th Cir. 2008).  Neither Wessels nor Stolle are employers under Title VII and will be dismissed.

### C.   Defendant Chief Carriers

Chief asserts Carter failed to exhaust administrative remedies before filing suit. Before a plaintiff may bring a Title VII claim, he must first exhaust his administrative remedies with respect to that claim.  *See, e.g., Brooks v. Midwest Heart Grp.*, 655 F. 3d 796 (8th Cir. 2011).  The scope of a Title VII suit "is limited to the claims properly brought before the appropriate administrative body." *Paskert v. Kemna-ASA Auto Plaza, Inc.*, 950 F.3d 535, 539 (8th Cir. 2020).  In other words, the Court may only consider claims distinctly alleged before the EEOC.  Chief argues that Carter's claims of retaliation and unequal terms and conditions of employment were not specifically alleged to the EEOC; thus, Carter did not exhaust his administrative remedies with respect to those claims.  The Court agrees.

The purpose of Title VII's requirement that parties pursue administrative remedies before filing suit is "to provide the EEOC with an initial opportunity to investigate allegations of employment discrimination and to work with the parties toward voluntary compliance and conciliation." *Parisi v. Boeing Co.*, 400 F.3d 583, 585 (8th Cir. 2005). Each discrete EEOC charge "'constitutes a separate actionable unlawful employment practice' that must be individually addressed before the EEOC," *Sellers v. Deere & Co.*, 791 F.3d 938, 943 (8th Cir. 2015) (quoting *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 851 (8th Cir. 2012)), as part of the countervailing policy interest in the "conciliation process, which we have called 'central to Title VII's statutory scheme,'" *Richter*, 686 F.3d at 853 (quoting *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994)).

When determining whether a plaintiff has exhausted administrative remedies, the Eighth Circuit will liberally construe administrative charges, and if allegations in a complaint are "like or reasonably related to the substance of charges timely brought before the EEOC," the claimant has sufficiently exhausted his administrative remedies. *Lindeman v. Saint Luke's Hosp. of Kan. City*, 899 F.3d 603, 608 (8th Cir. 2018) (quoting *Williams*, 21 F.3d at 222). However, each specific claim of employment discrimination must be one that "reasonably could be expected to result from the administrative charge." *Parisi*, 400 F.3d at 585. In *Richter v. Advance Auto Parts, Inc.*, the plaintiff checked the boxes on the EEOC form for "race" and "sex," but did not check the box for "retaliation." The Eighth Circuit rejected the plaintiff's contention that her retaliation claim was exhausted, as "[t]he EEOC evidently never considered whether Richter has a meritorious claim of unlawful retaliation, and never initiated any conciliation process on that matter with the employer." *Richter*, 686 F.3d at 853.

Carter alleged retaliation in his complaint by noting on his pro se employment discrimination form: "I believe that I was discriminated against because of my opposition to a practice of my employer that I believe violated the federal anti-discrimination laws or

my participation in an EEOC investigation."  Carter also made a check by a pre-printed box to allege he worked "under terms and conditions of employment that differed from similarly situated employees" as a result of Chief's racial discrimination.  As in *Richter*, each claim Carter alleges in his complaint is a discrete act that "constitutes its own 'unlawful employment practice' for which administrative remedies must be exhausted." *Richter*, 686 F.3d at 851 (quoting *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003)).

However, Carter did not distinctly and separately present these two claims in the EEOC charge, and they are not "like or reasonably related" to any claims asserted there. *See Parisi*, 400 F.3d at 584-86.  In his EEOC charge, Carter did not check any box to indicate, and did not make any statement or claim of retaliation.  The additional narrative information Carter provided in the charge does not suggest a claim for either retaliation or unequal terms and conditions of employment.  Even a liberal reading cannot help make them a reasonably foreseeable result of Carter's administrative filing, and the Court will not "invent[], *ex nihilo*, a claim which simply was not made." *Parisi*, 400 F.3d at 585 (quoting *Shannon v. Ford Motor Co.*, 72 F.3d 678, 685 (8th Cir. 1996)).  In short, Carter failed to raise retaliation or unequal-terms-and-conditions-of-employment claims in his EEOC charge.  He failed to exhaust administrative remedies with respect to those claims, and they must be dismissed.

### D.    Summary Judgment

Carter has filed a Motion for Summary Judgment (Filing No. 47).  The motion provides no basis for Rule 56 relief and provides no facts to support the motion.  It also completely ignores the local rules.  The rules specify that a movant must identify each claim on which summary judgment is sought and include citations to the record.  Failure to do so is in itself grounds to deny a motion for summary judgment. *See* Fed. R. Civ. P. 56(c); NECivR 56.1(a)(1)-(2).  Moreover, Carter's motion does not argue the merits but only seems to argue that this matter has not proceeded in the manner and at the speed at which he would like.

Based on the foregoing,

IT IS ORDERED:

1.  Defendants Kasey C. Wessels and Mary Stolle's Motion to Dismiss (Filing No. 21) is granted.  Plaintiff Cecil Mark Carter's claims against them are dismissed.

2.  Defendant Chief Carriers' Motion to Dismiss (Filing No. 20) is granted in part and denied in part.

    a.  The motion is granted as to Carter's claims of retaliation and unequal employment terms and conditions based on the failure to exhaust administrative remedies.

    b.  The motion is denied in all other respects.

3.  Carter's Motion for Summary Judgment (Filing No. 47) is denied.

Dated this 13th day of November 2020.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge